THOMAS COFFIN *versus* JOHN F. COFFIN *et al.*

A discharge under an insolvent law of another State, by which the person of the debtor is protected from imprisonment, but which leaves the contract in force, affects the remedy merely, and has no operation in this State.

UPON a case stated it appeared, that this was an action of assumpsit on a promissory note, dated New York, November 26, 1826, for $161·67, payable to the plaintiff in six months from the date, and signed by the defendants, John F. Coffin and Frederick Cartwright, as partners. Coffin was arrested and held to bail; a chip was attached as the property of Cartwright, and a summons for his appearance left with the other defendant. The plaintiff claimed to take judgment against the defendant Coffin only. This defendant relied upon a discharge obtained by him in the State of New York, on March 29, 1830, by virtue of an insolvent act of that State, passed April 7, 1819. The certificate of discharge declares, "that the person of the said insolvent debtor shall be, and is, hereby forever after exempted from imprisonment for or by reason of any debt or debts due from him individually, or as one of the late firm of Coffin & Cartwright, at the time of making the deed of assignment [of all his estate, executed March 29, 1830], or contracted for before that time though payable afterward, and if in prison, from his imprisonment." At the time when the note was given, the defendants were inhabitants of the State of New York, and the defendant Coffin continued to be an inhabitant up to the date of his discharge. At the time of the commencement of this suit, he was an inhabitant of Nantucket. The plaintiff was at the time when the

Coffin
v.
Coffin.

March 10th.

March 16th

note was given, and has been ever since, an inhabitant of Massachusetts.

*K. Whitman* and *Fiske*, for the plaintiff, cited *De la Vega v. Vianna*, 1 Barn. & Adolph. 287 ; *James v. Allen*, 1 Dallas, 189 ; *Hinkley v. Marean*, 3 Mason, 88 ; *Titus v. Hobart*, 5 Mason, 378 ; *Courtois v. Carpentier*, 1 Wash. C. C. R. 376 ; *Whittemore v. Adams*, 2 Cowen, 631 ; *Smith v. Spinolla*, 2 Johns. R. 198 ; *White v. Canfield*, 7 Johns. R. 117 ; *Sicard v. Whale*, 11 Johns. R. 194 ; *Ogden v. Sanders*, 12 Wheat. 213 ; *Sturges v. Crowninshield*, 4 Wheat. 122 ; Story on Conflict of Laws, 400, § 572.

*Isaac Coffin*, for the defendant.

SHAW C. J. delivered the opinion of the Court. When this cause, on a former occasion, came before the Court, it was upon the same agreed statement of facts, but a copy of the discharge of the defendant, Coffin, under an insolvent law of the State of New York, though referred to as part of the agreed statement, was not in fact annexed. We then took it to be a discharge purporting to be a full discharge of the defendant, from the obligation of his contracts, and that the decision must depend upon a complicated question of the domicil of the parties, the date of the contract, the time of the passing of the statute under which the proceedings were had, in reference to the date of the contract, and the application of the authorities to these circumstances. But upon examination, we find that this instrument does not profess to discharge the insolvent from the obligation of his contract, but only to extend to him certain immunities, the principal of which is exemption from imprisonment. The manner in which a judgment is to be enforced, the greater or less degree of rigor and coercion which may be used, affecting either the person or the property, or otherwise operating coercively upon the judgment debtor, belong exclusively to the remedies, provided by the government where the remedy is sought ; they are necessarily local, are regulated by the *lex fori*, and can have no extra-territorial operation. The claim of the defendant therefore to have a qualified judgment entered, so as to exempt his person, is not admissible, and judgment must be rendered in the form usual in cases of judgment in assumpsit.

As no property of Cartwright was attached in the present case, he being out of the State, not having had any place of abode within it, the summons left with a co-defendant within the State is not a good service within the *St.* 1797, *c.* 50. As there has been no effectual service of process upon Cartwright, judgment is to be rendered against John F. Coffin only. *Tappan* v. *Bruen*, 5 Mass. R. 196.